ESMOND H. CAPPS, WIDOW AND GUARDIAN AD LITEM FOR ROBBY WAYNE
   EVANS, MINOR CHILD; SUSAN WATKINS, GUARDIAN AD LITEM FOR
   GEORGE F. CAPPS, JR., MINOR CHILD OF GEORGE F. CAPPS, DECEASED
   EMPLOYEE, PLAINTIFFS v. STANDARD TRUCKING COMPANY, EMPLOYER,
   ROYAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8510IC32

(Filed 15 October 1985)

**Master and Servant § 79.1— stepchild—finding of substantial dependency required for benefits**

   An award of an equal share of workers' compensation benefits to a step-
   child was remanded where the Industrial Commission found only that the step-
   child was dependent upon the deceased for support at the time of the death
   and did not make a finding of substantial dependency. G.S. 97-39, G.S. 97-2(12).

APPEAL by plaintiff from the North Carolina Industrial Com-
mission. Opinion and Award of the Full Commission filed 4
September 1984. Heard in the Court of Appeals 26 August 1985.

   *Clifton & Singer by W. Robert Denning III for the plaintiff
appellant, Susan Watkins, Guardian Ad Litem for George F.
Capps, Jr., Minor Child of George F. Capps, Employee.*

   *Mast, Tew, Armstrong & Morris by John W. Morris and
George B. Mast for the plaintiff appellee, Robby Wayne Evans.*

COZORT, Judge.

   This appeal concerns whether the deceased employee's step-
child, Robby Wayne Evans, is a "child" of the deceased within the
meaning of G.S. 97-2(12) so as to clothe him with the conclusive
presumption under G.S. 97-39 that he is "wholly dependent for
support upon the deceased employee" and, therefore, entitled to
an equal share of the compensation under G.S. 97-38. In light of
*Winstead v. Derreberry*, 73 N.C. App. 35, 326 S.E. 2d 66 (1985),
we must remand this case for a determination of whether Robby
Wayne Evans was "substantially" dependent upon the deceased
at the time of his death.

   On 31 January 1983 George Franklin Capps, Sr., was driving
a transfer truck for Standard Trucking from Raleigh to Wilming-
ton during a Teamster's Union strike when he was fatally wound-
ed by a bullet from a high-powered rifle. Prior to a hearing before

Capps v. Standard Trucking Co.

the Deputy Commissioner the parties stipulated that the deceased-employee's death was compensable under the Worker's Compensation Act at the maximum rate of $248.00 per week for 400 weeks. The hearing was held to determine who among the plaintiffs should share in the compensation. The plaintiffs represented at the hearing were decedent's widow, Esmond Capps, whom he married in 1981; her son, decedent's stepson, Robby Wayne Evans, who had lived with his mother and decedent at the time of decedent's death; and decedent's natural son, George Franklin Capps, Jr., who lived with his natural mother, decedent's former wife.

After the hearing the Deputy Commissioner concluded that decedent's widow, her son (decedent's stepson), and decedent's natural son were each entitled to an equal share of the compensation. Finding that the stepchild was "dependent" upon the deceased for support at the time of decedent's death, the Full Commission concluded that Robby Wayne Evans is a "child" of the deceased within the meaning of G.S. 97-2(12) and affirmed the result reached by the Deputy Commissioner. The Full Commission's decision was filed on 4 September 1984.

G.S. 97-38 provides that persons who are "*wholly dependent* for support upon the earnings of the deceased employee at the time of the accident" are entitled to share equally, to the exclusion of all others, in the entire compensation payable. [Emphasis added.] G.S. 97-39 provides, that "[a] widow, a widower and/or a *child* shall be conclusively presumed to be wholly dependent for support upon the deceased employee." [Emphasis added.] G.S. 97-2(12) defines "child" as including "a stepchild . . . *dependent* upon the deceased." [Emphasis added.] In *Winstead v. Derreberry, supra*, the court held that a stepchild must be factually "substantially" dependent upon the deceased in order to qualify as a "'child' dependent on deceased under G.S. § 97-39 and, therefore, [be] entitled to a share of death benefits under G.S. § 97-38." 73 N.C. App. at 43, 326 S.E. 2d at 72. We are bound by this prior decision.

Here the Full Commission found only that the stepchild was "*dependent* upon the deceased for support at the time of the death." [Emphasis added.] No finding of substantial dependency was made. Therefore, we must remand this case for a determina-

tion of whether Robby Wayne Evans was substantially dependent for support upon the earnings of the deceased at the time of the death so as to afford him the conclusive presumption under G.S. 97-39 of being "wholly dependent" upon the deceased and, therefore, entitle him to an equal share of death benefits under G.S. 97-38.

Remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.